IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARRY PAXTON                                                                                   PLAINTIFF

V.                                         CASE NO. 5:16-CV-256-DPM-BD

SHAWN RICHARD                                                                              DEFENDANT

**RECOMMENDED DISPOSITION**

I.    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  Any party may file written objections to this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, parties may also waive any right to appeal questions of fact.

II.    **Background**

Barry Paxton, an Arkansas Department of Correction inmate, filed this civil rights lawsuit claiming that Defendant Shawn Richard and others were deliberately indifferent to his medical needs by failing to provided adequate medication to address his serious psychiatric needs.[1]  (Docket entry #2)

---

[1] Claims against Defendants Wheeler, Byers, Glass, and Griffin ("ADC Defendants") were previously dismissed without prejudice based Mr. Paxton's failure to

Defendant Richard, the only remaining defendant, has now moved for summary judgment. As with Defendants Wheeler, Byers, Glass, and Griffin, Defendant Richard contends that Mr. Paxton failed to exhaust his administrative remedies against him before filing this lawsuit. (#73) Mr. Paxton has responded to Defendant Richard's motion (#84), and it is ripe for review. Based on the undisputed evidence presented, Defendant Richard's motion (#73) should be GRANTED.

## III. Discussion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; see also *Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA's

---

exhaust administrative remedies against them. (#77)

exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held. *Id.*

Defendant Richard has offered the affidavit of Shelly Byers, the Medical Grievance Coordinator for the ADC. (#74-3) Ms. Byers testifies that Mr. Paxton submitted one grievance regarding the issues raised in this lawsuit, grievance ESU-16-81. (#74-3 at p.3) In that grievance Mr. Paxton writes:

> I am in need of my nightmare meds. I filled out a grievance on the 25th and the answer I was given was I was going home too soon. I threw these papers away not knowing I needed it. I am having nightmares every night and I need my meds. It should not matter how long I have. I was entitled to proper care every day of my incarceration. Please help.
> I am a combat veteran and even on some holidays like Memorial Day I'm afraid to close my eyes.

(#2 at p.6)

Grievance ESU-16-81 was "acknowledged" on June 1, 2016. (#74-2 at p.3) Mr. Paxton was told that he would receive a response to his grievance by June 29, 2016. (*Id.*) Before receiving a response, however, Mr. Paxton appealed his grievance. (*Id.* at p.4) At that time, Mr. Paxton was told that his appeal could not be processed because the time for ADC officials to respond had not yet passed. (*Id.*) Mr. Paxton was told that he could resubmit his appeal after June 29, 2016. (*Id.*)

On July 6, 2016, Mr. Paxton submitted a grievance appeal. (*Id.* at p.7) That appeal was rejected based on Mr. Paxton's failure to submit the attachments required by the ADC grievance policy. (*Id.* at pp.7-8; #33-3 at pp.5-6) Specifically, Mr. Paxton

3

failed to include the health services response to his grievance. (*Id.*) As a result, Defendant Byers concluded that Mr. Paxton had failed to fully exhaust his administrative remedies.

In his response to Defendant Richard's motion for summary judgment, Mr. Paxton explains that he never received a response to grievance ESU-16-81; therefore, he argues, he could not have attached the response to his grievance appeal. In support of his argument, he cites the statements made by Defendant Byers in her affidavit.

Ms. Byers states that "[o]n June 10, 2016, mental health responded to Mr. Paxton's grievance," but she fails to provide any evidence to support her statement; nor does she provide a copy of the response at issue. (#74-3 at p.4) As a result, Mr. Paxton contends, ADC officials prevented him from utilizing the ADC grievance procedure, and he should be allowed to proceed on his claims against Defendant Richard.

It is true that Defendant Richard has failed to present any evidence showing that ADC officials actually responded to the grievance at issue, but it is also undisputed that Mr. Paxton did not refer to or identify Defendant Richard in grievance ESU-16-81. This omission is fatal to his claims against Defendant Richard.

In his response to Defendant Richard's motion, Mr. Paxton explains that "[i]n the process of filing the grievance and subsequent appeal, Plaintiff made known his serious medical needs to the Defendants" (#84 at p.4), but the ADC grievance procedure specifically requires inmates to include the "complaint, date, place, [and] name of

personnel involved." (#74-2 at p.2)  Mr. Paxton has failed to present any evidence that ADC officials prevented him from identifying Defendant Richard in grievance ESU-16-81.  As the record stands, Mr. Paxton has failed to create a genuine issue of material fact as to his failure to exhaust administrative remedies as to Defendant Richard.

## IV.   Conclusion

The Court recommends that Defendant Richard's motion for summary judgment (#73) be GRANTED.  Mr. Paxton's claims against Defendant Richard should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 23rd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE